## ALPHEUS FAY *versus* JOSEPH VALENTINE.

Where a mortgagee, after having recovered the conditional judgment in an action for the possession, entered *in pais* for condition broken, and afterwards entered under the judgment, this last entry was held to be a waiver of the first.

BILL in equity to redeem. The bill was served on the defendant on the 6th of July, 1825. It sets forth, that on the 22d of December, 1813, Joseph Belknap mortgaged three tracts of land to Elizabeth Price, and that the right in equity to redeem was subsequently conveyed to the plaintiff; that on the 19th of April, 1822, E. Price assigned the mortgage to the defendant; that at December term 1820 of the Court of Common Pleas, E. Price recovered judgment against Belknap for possession of the mortgaged premises, unless he should pay 109 dollars, 70 cents, and interest and costs, in two months from January 24, 1821; that about the 27th of June, 1822, she sued out a writ of possession, which was delivered to a deputy sheriff, who executed it and made return, that on the 8th of July, 1822, he delivered possession of the mortgaged premises to the defendant as agent and attorney of E. Price; and that the plaintiff, on the 6th of October, 1824, and again on the 18th of June, 1825, in order to redeem the same, desired the defendant to state an account of what was due on the mortgage which had been assigned to him, that the plaintiff might pay the same and be restored to the possession.

The tenant pleaded, that on the 26th of March, 1821, the sum of money secured by the deed of mortgage being then due and unpaid, E. Price, in the presence of two disinterested witnesses, openly and peaceably entered into the mortgaged premises for condition broken, and continued in the open and peaceable possession until she assigned the land to the defendant; and that the defendant then entered into the actual possession of the same, and continued in open and peaceable possession thereof until after the expiration of three years from the time when E. Price took possession; which term of three years expired on the 25th of March, 1824, and before the plaintiff requested the defendant to state an account.

VOL. V. 28

Fay
v.
Valentine.

Oct. 19th.

The question was upon the sufficiency of the plea.

*Stearns*, for the plaintiff, said, that the entry under the *habere facias* was an admission of record, that until that time the mortgager was in possession, and so amounted to a waiver of the entry *in pais*. *Doe* v. *Palmer*, 16 East, 53 ; *Zouch* v. *Willingale*, 1 H. Bl. 311 ; *Goodright* v. *Cordwent*, 6 T. R. 219 ; *Roe* v. *Minshall*, Bull. N. P. 96.

*Hoar, contrà*. In the cases cited, in which rent due after the expiration of notice to quit was received, one party was calling on the other to comply with a contract as subsisting, and he could not say that it was in force and at an end at the same time. But here the mortgager is told at the first entry, that he would cease to have a right to redeem after three years, and the second entry had no operation inconsistent with that of the first. It was made *ex majori cautelâ*.

The opinion of the Court was afterwards delivered as drawn up by

PARKER C. J. We think the entry of the mortgagee to foreclose must be considered as having taken place at the time of the execution of her writ of possession, on her judgment upon the mortgage. Her writ against the mortgager admitted him to be then in possession, and her entry under the judgment, when seisin was delivered to her, shows that until that time the lawful seisin was in the mortgager. Her intermediate entry *in pais*, though avowedly for condition broken, cannot be considered as intended for the purpose of foreclosure, while her suit for recovery of possession was pending. Had she discontinued that suit, it might have been otherwise ; but to pursue that at the cost of the mortgager should be construed to be a waiver of her right to foreclose under that entry, and is similar in principle to the receipt of rent after a notice to quit ; as in Bull. N. P. 96, and the other authorities cited.[1] Suppose these lots of land to have been vacant and unimproved ; what reason would the mortgager have to suppose an entry made, while an action was in court for the purpose of obtaining possession ? If

---

[1] See 2 Stark. Ev. (5th Am. ed.) 306.

such an entry is not fraudulent, it is at least calculated to de- ceive the mortgager, and expose him to the loss of his op- portunity to redeem. Why should the mortgagee obtain her conditional judgment and eventually her execution, if she was already in possession for foreclosure ? The law will consider this act as an acknowledgment, that though in pos- session, she had not begun to foreclose, notwithstanding the formality of her entry. She chose to waive it and rely upon a foreclosure by judgment and consequent seisin. We are of opinion therefore that the plea is bad.